FILED IN MY OFFICE
DISTRICT COURT CLERK
6/21/2018 9:16 PM
James A. Noel
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

MICHAEL THOMAS,

        Plaintiff,

vs.   No. D-202-CV-2018-04685

FRIEDMAN RECYCLING
OF ALBUQUERQUE, EL PASO
STAFFING SERVICES, and
MARIA THERESA NAVARRETE,

        Defendants.

## COMPLAINT FOR WRONGFUL AND RETALIATORY DISCHARGE

Plaintiff, Michael Thomas, through his counsel of record Wayne R. Suggett Attorney at Law, P.C., for his complaint against Defendant Friedman Recycling of Albuquerque, El Paso Staffing Services, and Maria Theresa Navarrete alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Michael Thomas (Thomas) is a resident of Bernalillo County, New Mexico.

2. Defendant Friedman Recycling of Albuquerque, LLC., (Friedman Recycling) is a for profit company that transacts business in New Mexico.

3. Defendant El Paso Staffing Services (El Paso Staffing) is a foreign for profit corporation that transacts business in New Mexico. On information and belief, El Paso Staffing is is illegally conducting business in New Mexico.

4. Defendant Maria Theresa Navarrete (Navarrete) is an officer and shareholder of El Paso Staffing Services and was involved in the decisions and tortious conduct that is the subject-matter of this lawsuit.



5.  The wrongful conduct of Defendants occurred in Bernalillo County, New Mexico.

## BACKGROUND FACTS AND CLAIMS

6.  Thomas was hired by Statewide Staffing Solutions LLC in February, 2015. Statewide Staffing Solutions LLC. Is an employee staffing company. One of Statewide's customers was Defendant Friedman Recycling.

7.  Thomas was hired by Statewide to work under the direction and supervision of Defendant Friedman Reclycling in providing sufficient staffing levels at its Albuquerque, New Mexico recycling plant.

8.  On November 1, 2017, Defendant Friedman Recycling entered into a new contractual relationship for employee staffing services with Defendant El Paso Staffing Services.

9.  As part of the contractual relationship between Defendant Friedman Recycling and Defendant El Paso Staffing, Friedman Recycling requested that El Paso hire Thomas as its employee to continue working under the direction and supervision of Friedman in providing personnel related duties at Defendant Friedman Recycling's Albuquerque location.

10. El Paso Staffing agreed to this arrangement.

11. In January, 2018, El Paso Staffing added additional duties to Thomas and made him El Paso Staffing's Albuquerque Branch Manager. His salary was also increased by 25 percent.

12. On or about February 17, 2018, Thomas went to the emergency room with an infected tooth. On Sunday, February 18, 2018, he had surgery.

13. After missing work on Monday, February 19, 2018, Thomas was back at work on Tuesday, February 20, 2018.

14. When his scheduled pay day arrived, Defendant Navarrete attempted to deduct hours of pay from his pay check for the partial day he worked on February 20 and when he was

out for surgery on February 19, 2018.

15. Thomas asserted to Defendant Navarrete that this would be a violation of state and federal wage laws as Thomas understood them. Defendant Navarrete paid Thomas as an exempt "salaried" employee. This meant Thomas had managerial duties and responsibilities consistent with being paid a salary which was agreed and paid to him without regard to the number of hours worked, including the substantial number of "overtime" Thomas worked.

16. Thomas told Navarrete that by attempting to deduct his pay for the partial day he was absent was in breach of the parties' agreement. He also thought that this would be in violation of law as she would be retroactively treating Thomas as a non-exempt hourly employee.

17. Thomas told Defendant Navarrete that he would be open to moving to a non-exempt hourly employee, with overtime pay, in the future, but he expected to be paid consistent with the salary agreement he had with Defendant El Paso Staffing and Defendant Navarrete based through the current payroll period.

18. After this exchange, Defendant Navarrete changed her decision and did not make any reductions to Thomas's pay.

19. Later in February, 2018, Thomas obtained information that there was a problem with the worker's compensation coverage for El Paso Staffing employees who worked at Friedman Recycling.

20. Thomas contacted the New Mexico Worker's Compensation Commission and learned that Defendant El Paso Staffing did not have a worker's compensation policy covering the approximately 100 El Paso Staffing workers that worked under the supervision and direction of Defendant Friedman Recycling at its Albuquerque location.

21. Thomas learned this on February 27, 2018.

22. During the afternoon or early evening on February 27, 2018, Thomas contacted Defendant Navarrete about the lack of worker's compensation insurance for the Friedman Recycling workers who were on El Paso Staffing's payroll.

23. Defendant Navarrete admitted, after Thomas claimed he confirmed it with the New Mexico Worker's Compensation Commission, that El Paso Staffing did not have a worker's compensation policy in effect as of February 27, 2018 and apparently never had one in place since it took over as Friedman Recycling's staffing service in November, 2017.

24. Defendant El Paso Staffing and Friedman Recycling know that they are supposed to have worker's compensation to cover all their employees who work for them in New Mexico.

25. Defendant Friedman Recycling had a worker's compensation policy in effect for its Albuquerque location, but only for the handful of non-El Paso Staffing employees that worked at Friedman Recycling's Albuquerque location.

26. Because of the violation of law, Thomas contacted Friedman Recycling's Operations Manager, Brett Burrer, the next morning to inform him of the lack of worker's compensation coverage for the 100-plus El Paso Staffing employees who worked at Friedman Recycling's Albuquerque location. Burrer, nor anyone else at Friedman Recycling, seemed very concerned about the lack of a worker's compensation policy.

27. Based on the lack of urgency from Friedman Recycling, and lack of response from Navarrete, Thomas called Burrer again and asked what was going on to fix the problem. Burrer did not provide any information to Thomas to suggest it was doing anything to address the problem.

28. During his second discussion with Burrer, Thomas raised the fact that Friedman Recycling may have legal obligations to provide the 100-plus El Paso Staffing employees with

worker's compensation coverage who worked at Friedman's Recycling under the direction and supervision of Freidman Recycling supervisors, managers and officers.

29. Friedman Recycling's management did not have any further discussions with Thomas about this issue.

30. On March 1, 2018, a worker was injured and Thomas could not provide the medical provider with a worker's compensation policy because one did not exist.

31. On the morning of March 2, 2018, Thomas had another conversation with Navarrete concerning the need to obtain a worker's compensation policy for the Friedman Recycling employees. During this phone conversation, Navarrete fired Thomas without cause.

32. Thomas exchanged e-mails with Friedman Recycling's Chief Financial Officer, Mark Singleton, about his termination later in the morning on March 2, 2018.

33. Singleton told Thomas that Friedman Recycling had a certificate of insurance from El Paso Staffing suggesting that El Paso Staffing had worker's compensation coverage in place at Friedman Recycling.

34. Later that morning, Thomas had a phone conversation with Friedman Recycling's primary shareholder and Chief Executive Officer, Morris Friedman.

35. Morris Friedman acknowledged that Thomas's information concerning the lack of a worker's compensation policy was accurate, however, he did not make any attempts to rehire Thomas or require El Paso Staffing to rehire Thomas. Instead, he said "thank you for all you have done for our company."

## WRONGFUL AND RETALIATORY DISCHARGE

Pursuant to NMRA 2005, 1-010(C), Thomas incorporates paragraphs 1 through 35 in Count I.

36. New Mexico has a strong public policy requiring employers, including joint-employers, in New Mexico to maintain worker's compensation insurance coverage for their employees.

37. New Mexico has a strong public policy prohibiting employers from retaliating against employees for exercising their rights, or protecting employees' rights under New Mexico law, concerning worker's compensation insurance coverage and rights. See NMSA 1978, §52-1-28.2.

38. New Mexico has a strong public policy prohibiting employers from retaliating against employees for exercising their rights to receive all pay due and owing them under local, state and federal laws including challenging improper uses of exempt and non-exempt status under New Mexico's Minimum Wage Act and the federal Fair Labor Standards Act, New Mexico's Minimum Wage Act, § 50-4-21 et seq. and the Fair Labor Standards Act, 29 U.S.C. §206 et seq.

39. Defendant Friedman is the joint employer of the hundred-plus El Paso Staffing employees that worked at Friedman Recycling.

40. Upon Thomas learning that El Paso Staffing employees at Friedman Recycling were not covered by worker's compensation, and that Thomas contacted the Workers Compensation Commission, and that he was insisting that Friedman's needed to have coverage for their joint-employees, Defendant Friedman Recycling and El Paso Staffing conspired to retaliate against Thomas to get rid of him.

41. Thomas was fired on March 2, 2018 by Defendant Navarrette.

42. Defendant Navarrete fired Thomas at the direction and approval of Defendant Friedman Recycling.

43. Thomas was fired because of his raising concerns about the lack of worker's

compensation coverage for the El Paso Staffing/Friedman Recycling's joint employees and Friedman's Recycling's obligation to have worker's compensation in place to protect the joint El Paso Staffing/Friedman Recycling employees.

44. Alternatively, and possibly related to Thomas's raising concerns of Defendant El Paso Staffing's and Defendant Friedman Recycling's violation of New Mexico Worker's Compensation law, Defendant Navarrete was also motivated to terminated Thomas because of his raising complaints about his pay that he reasonably believed violated law under New Mexico's Minimum Wage Act, § 50-4-21 et seq. and Fair Labor Standards Act, 29 U.S.C. §206 et seq.

45. Defendants fired Thomas in violation of New Mexico public policy and their conduct was intentional and in reckless disregard of the rights of Thomas.

46. As a result of Defendants wrongful conduct, Thomas suffered injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Thomas respectfully requests this court enter judgment in favor of Plaintiff and against Defendants for amounts to be proven at trial, including compensatory damages, statutory and liquidated damages, including back and front pay, damages for emotional distress, punitive damages, injunctive and other equitable relief, including but not limited to reinstatement, pre and post judgment interest, attorney's fees, costs, and such further relief as may be just.

WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.
By:/s/Wayne R. Suggett
WAYNE R. SUGGETT
Attorney for Plaintiff
Albuquerque Plaza
201 Third Street, N.W., Suite 1720
Albuquerque, New Mexico 87102
Telephone: (505) 767-9804
wayne@suggettlaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/21/2018 9:16 PM
James A. Noel
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

MICHAEL THOMAS,

        Plaintiff,

vs.                               No. D-202-CV-2018-04685

FRIEDMAN RECYCLING
OF ALBUQUERQUE, EL PASO
STAFFING SERVICES, and
MARIA THERESA NAVARRETE,

        Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATE

Plaintiff, through his counsel of record, Wayne R. Suggett, states that, Plaintiff is seeking money damages that, exclusive of interest, attorney's fees and punitive damages, exceed $25,000.00 and, therefore, this matter is **NOT** subject to the Court's arbitration program.

Respectfully submitted,

WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.

By: ____/s/ Wayne R. Suggett_____
     WAYNE R. SUGGETT
     Attorneys for Plaintiff
     Albuquerque Plaza
     201 Third Street N.W., Suite 1720
     Albuquerque, New Mexico 87102
     Telephone: (505) 767-9804
     Facsimile (505) 246-0707
     e-mail: wayne@suggettlaw.com