## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL THOMAS,

    Plaintiff,

v.                          No. 1:18 CV 00902 LF/JHR

FRIEDMAN RECYCLING OF
ALBUQUERQUE, EL PASO
STAFFING SERVICES, and
MARIA THERESA NAVARRETE,

    Defendants.

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 30, 2018 and was attended by:

Wayne Suggett for Plaintiff.

Agnes Fuentevilla Padilla for Defendant Friedman Recycling of Albuquerque.

Brian A. Thomas for Defendants El Paso Staffing Services and Maria Theresa Navarrete.

### NATURE OF THE CASE

This is retaliatory discharge cause of action under New Mexico law.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:   None at this time.

Plaintiff should be allowed until **January 25, 2019** to move to amend the pleadings and until **January 25, 2019** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant Friedman Recycling of Albuquerque intends to file: None at this time.

Defendants should be allowed until **February 25, 2019** to move to amend the pleadings and until **February 25, 2019** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: None at this time.

The parties stipulate and agree that the law governing this case is: New Mexico statutory and case law and federal case law interpreting New Mexico law.

## PLAINTIFF'S CONTENTIONS:

Are stated in his June 21, 2018 complaint.  On November 1, 2017, Defendant Friedman Recycling entered into a new contractual relationship for employee staffing services with Defendant El Paso Staffing Services.  As part of the contractual relationship between Defendant Friedman Recycling and Defendant El Paso Staffing, Friedman Recycling requested that El Paso hire Thomas as its employee to continue working under the direction and supervision of Friedman in providing personnel related duties at Defendant Friedman Recycling's Albuquerque location.  El Paso Staffing agreed to this arrangement.

In late February, 2018, Thomas and Navarrete had a dispute concerning Thomas's pay. Defendant Navarrete attempted to deduct hours of pay from his pay check for the partial day he worked on February 20 and when he was out for surgery on February 19, 2018.   Defendant

Navarrete paid Thomas as an exempt "salaried" employee. Thomas told Navarrete that by attempting to deduct his pay for the partial day he was absent was in breach of the parties' agreement. He also thought that this would be in violation of law as she would be retroactively treating Thomas as a non-exempt hourly employee. After this exchange, Defendant Navarrete changed her decision and did not make any reductions to Thomas's pay.

On or about February 27, 2018, Thomas obtained information that there was a problem with the worker's compensation coverage for El Paso Staffing employees who worked at Friedman Recycling. During the afternoon or early evening on February 27, 2018, Thomas contacted Defendant Navarrete about the lack of worker's compensation insurance for the Friedman Recycling workers who were on El Paso Staffing's payroll. Defendant Navarrete admitted, after Thomas claimed he confirmed it with the New Mexico Worker's Compensation Commission, that El Paso Staffing did not have a worker's compensation policy in effect as of February 27, 2018. Apparently, El Paso had never had a workers' compensation policy in place since it took over as Friedman Recycling's staffing service in November, 2017.

Because of the violation of law, Thomas contacted Friedman Recycling's Operations Manager, Brett Burrer, on February 28, 2018 to inform him of the lack of worker's compensation coverage. Burrer, nor anyone else at Friedman Recycling, seemed very concerned about the lack of a workers' compensation policy.

During a second discussion with Burrer, Thomas raised the fact that Friedman Recycling may have legal obligations to provide the 100-plus El Paso Staffing employees with worker's compensation coverage who worked at Friedman's Recycling under the direction and

supervision of Freidman Recycling supervisors, managers and officers.  Friedman Recycling's management did not have any further discussions with Thomas about this issue.

The next day, on March 1, 2018, a worker was injured and Thomas could not provide the medical provider with a worker's compensation policy because one did not exist.  On the morning of March 2, 2018, Thomas had another conversation with Navarrete concerning the need to obtain a worker's compensation policy for the Friedman Recycling employees.  During this phone conversation, Navarrete fired Thomas without cause.

## **DEFENDANT FRIEDMAN RECYCLING OF ALBUQUERQUE'S CONTENTIONS**

Defendant Friedman Recycling generally denies Plaintiff's allegations and states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff was an employee of El Paso Staffing and that this Defendant did not employ Plaintiff.  Friedman Recycling took no improperly motivated action regarding Plaintiff, nor did it act with the intention to harm Plaintiff.  All decisions made were based solely on legitimate business reasons and did not in any way violate any of Plaintiff's rights.

Plaintiff unreasonably failed to take advantage of preventative or corrective measures available to him.  Plaintiff has waived and is estopped and barred from alleging the matters set forth in his Complaint.  Plaintiff may have also failed to exhaust his administrative remedies.  Friedman Recycling did not violate a clear mandate of public policy, and any complaints raised by Plaintiff furthered only his private interests or those of his employer, El Paso Staffing.

Plaintiff may have failed to mitigate those damages requested in the Complaint.  Further, any damages to Plaintiff, which are specifically denied, were the proximate result of the Plaintiff's own actions or the acts of third parties for which Defendant is not liable.  Defendant

Friedman Recycling's acts or omissions did not deprive the Plaintiff of any statutorily protected interests.  Finally, Defendant states that Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

### DEFENDANT EL PASO STAFFING SERVICE AND NAVARRETE'S CONTENTIONS

Plaintiff was hired as a lateral transfer from a prior staffing company.  During his tenure as an employee, Mr. Thomas served as a local representative of El Paso Staffing Services, Plaintiff was charged with ensuring that employee hiring documentation (I-9 and W-4 records) was in order, fully documented and appropriately preserved, and thereafter, in the event the individual was hired, obtaining and preserving drug screening records, maintaining payroll records, and paid appropriately.  During the last few months of his employment, it became apparent that Plaintiff was no longer performing his duties appropriately.

During his employment, it was discovered that Plaintiff failed to obtain and preserve hiring records, failed to obtain drug screening records, failed to maintain appropriate payroll records, was overcharging clients, in at least one instance, paid an employee twice for the same work, paid some employees more than once for the same wages, and failed to maintain basic professional standards.

Plaintiff also failed to satisfactorily perform basic job duties.  Instead of keeping his own contemporaneous time records, Plaintiff routinely abandoned his job duties, refused to answer the telephone (even in emergencies), and persistently engaged in activities constituting conflicts of interest and acting against the best interests of El Paso Staffing Services and Friedman Recycling of Albuquerque.  Likewise, despite serving as a "manager" of El Paso Staffing Services, Plaintiff's basic recordkeeping was grossly insufficient given the demands of the

industry for a professional of his reported experience, skills and abilities. Additionally, it may be the case that Plaintiff's employment would be terminated on the basis of false job application. While Plaintiff casts his claim as retaliatory discharge, the EPSS Defendants respectfully suggest that his termination was caused by his job performance.

Taken in the aggregate, EPSS respectfully submits that any of the following defenses may apply and reduce or bar the Plaintiff's claims against the EPSS Defendants:

1. The Plaintiff may have failed to mitigate those damages requested in the Complaint.

2. Any damages alleged suffered by Plaintiff, which are specifically denied, were the proximate result of the Plaintiff's own actions or the acts of third parties for which the EPSS Defendants are not liable.

3. Any actions or omissions of the EPSS Defendants did not deprive the Plaintiff of any statutorily protected interests.

4. Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

5. Any and all decisions by the EPSS Defendants were based solely on legitimate business reasons and did not in any way violate any of Plaintiff's rights.

6. The EPSS Defendants took no improperly motivated action regarding Plaintiff, nor did the EPSS Defendants act with the intention to harm Plaintiff.

7. Plaintiff unreasonably failed to take advantage of preventative or corrective measures available to him.

8. Plaintiff may have failed to exhaust his administrative remedies.

9. The basis of Plaintiff's claims, to the extent adequately and sufficiently pleaded, arose from the actions or omissions of the Plaintiff in the performance of his work duties during the course of his employment and thus are attributable to the Plaintiff

10. The claims made in this matter are made in bad faith, with an intention to harass, insult, and otherwise obfuscate the actions and omissions of Plaintiff with regard to his failure to perform his work duties in a competent and professional matter.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's witnesses:**

**Cheryl Thomas** –(505) 867-4393, 6900 Skylar Dr. NE Rio Rancho New Mexico, 87144 – Plaintiff's mother who overheard Defendant Navarrete on the phone admitting to not having Worker's Compensation Insurance.

**Brett Burrer** – Friedman's Plant Operations Director. West Lincoln Street Phoenix, Arizona, 83640. Plaintiff met with Mr. Burrer on the morning of 02/28/2018 to inform him of the discovery and admission concerning the lack of worker's compensation coverage.

**Ashley Maertz** – Former Friedman's Albuquerque Office Manager. (505) 569-9577 – address unknown – Was informed the morning of 02/28/2018 of El Paso Staffing Service's lack of worker's compensation insurance coverage.

**Wade Driver** – Former Friedman's ABQ Evening Operations Supt.(EPSS)/Current Wheel loader operator – 505-263-3952 – Address Unknown – Supervisor that informed me of Delano Chavez's injury on 03/01/2018.

**Stephannie Streble-Ballard** – Friedman Scale Clerk.  (505) 227-0334 – address unknown.  Heard part of phone conversation between Terry Navarrete and Plaintiff on the morning of 03/02/2018 immediately prior to Plaintiff's termination.  Heard Navarrete state she had no worker's compensation insurance, and asked if the injured worker was black "because they are lazy."  Heard my side of the call from that point stressing I needed worker's compensation coverage.

**Paul Rougemount**- Friedman Albuquerque Facility Supervisor.  He is aware of Plaintiff's claims as Plaintiff showed him on the New Mexico Worker's Compensation Website Friedman Recycling's lack of coverage on 03/02/2018, just prior to Mr. Thomas's termination.

**Laura Delgado** – Former El Paso Staffing Service Corporate Employee, El Paso. (916) 821-9031 – unknown address.  Ms. Delgado has information concerning El Paso's intent concerning workers' compensation coverage for the Albuquerque plant.

**Mark Singleton** – Friedman Recycling CFO. West Lincoln Street Phoenix, Arizona, 83640 – May have information concerning Mr. Thomas's report to Brett Burrer that workers' compensation at the Albuquerque plant had lapsed or did not exist.

**Morris Friedman** – Friedman Recycling COO/ President. West Lincoln Street Phoenix, Arizona, 83640 – Informed Plaintiff that his job was secure when Friedman Recycling was seeking another staffing service in late 2016.  Called Plaintiff after he was terminated to inform Plaintiff they discovered that, in fact, Friedman Recycling did not have workers' compensation coverage for a short period of time as Plaintiff represented.

**David Friedman** – Friedman Recycling CEO.  West Lincoln Street Phoenix, Arizona, 83640 – Sent the Certificate of Insurance for El Paso Staffing Services, dated 03/02/2018 incorrectly representing that Friedman Recycling had workers' compensation coverage during relevant time when it did not.

**Plaintiff's Exhibits:**

1. Plaintiff's personnel files.

2. E-mails between Plaintiff and Friedman Recycling regarding workers' compensation and Plaintiff's termination.

3. E-mails between Plaintiff and Maria Theresa Navarrete regarding workers' compensation and Plaintiff's termination.

**Defendant Friedman Recycling's Witnesses:**

**Mark Singleton**
c/o Agnes Fuentevilla Padilla
P.O. Box 3170
Albuquerque, NM 87110
(505) 884-0777

Mr. Singleton may have information concerning the relationship between Friedman Recycling of Albuquerque and El Paso Staffing Services as well as the general allegations in Plaintiff's Complaint.

**Morris Friedman**
c/o Agnes Fuentevilla Padilla
P.O. Box 3170
Albuquerque, NM 87110
(505) 884-0777

Mr. Friedman may have information concerning the relationship between Friedman Recycling of Albuquerque and El Paso Staffing Services as well as the general allegations in Plaintiff's Complaint.

**David Friedman**
c/o Agnes Fuentevilla Padilla
P.O. Box 3170
Albuquerque, NM 87110
(505) 884-0777

Mr. Friedman may have information concerning the relationship between Friedman Recycling of Albuquerque and El Paso Staffing Services as well as the general allegations in Plaintiff's Complaint.

**Maria Theresa Navarrete**
c/o Brian A. Thomas
Law Offices of Brian A. Thomas PC
2535 Wyoming Blvd. NE #A
Albuquerque, NM 87112-1038

Ms. Navarrete may be called to testify regarding the Plaintiff, his work performance and concerns that arose after his termination regarding work performance.

Any witnesses disclosed by other parties.

**Defendant Friedman Recycling's Exhibits:**

1. El Paso Staffing employment records of Plaintiff.

2. Communications between Plaintiff and Defendant's regarding concerns raised by Plaintiff.

**El Paso Staffing Service Defendants' Witnesses:**

It is believed that the following persons, in addition to those identified by other parties in this matter, may have information relevant to the claims or defenses in this matter:

1. **Maria Theresa Navarrete.** She may be contacted through counsel. Ms. Navarrete will be called to testify regarding the Plaintiff, his work performance and concerns that arose after his termination regarding work performance.

2. **Connie Debora**. She may be called to testify regarding inadequate job application and acceptance information solicited and held by Plaintiff, and efforts to persuade Plaintiff to perform this element of his job correctly. She may be called to testify regarding his responses, and the aftermath of his job performance.

3. **Veronica Hernandez.** She may be called to testify regarding inadequate job application and acceptance information solicited and held by Plaintiff, and efforts to persuade Plaintiff to perform this element of his job correctly. She may be called to testify regarding his responses, and the aftermath of his job performance.

4. **Records Custodians in Virginia Beach, Virginia.** Such persons may be called to substantiate, authenticate and confirm records regarding what appears to be Plaintiff's criminal history.

**El Paso Staffing Service Defendants' Exhibits:**

In addition to records identified, described or referenced by other parties to this matter, together with those records subsequently obtained or exchanged during the course of discovery, the EPSS Defendants identify the following exhibits:

1. Plaintiff's Personnel Records.

2. Emails between Plaintiff and EPSS Staff regarding Plaintiff's job performance.

3. Emails between Plaintiff and Friedman Recycling staff regarding conflicts of interest in connection with Plaintiff's employment.

    4.     Files associated with employees left incomplete by Plaintiff.

    5.     Payroll records prepared by Plaintiff.

    6.     Criminal history records associated with Plaintiff.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)* The parties will need discovery on the claims in Plaintiff's complaint, including damages, and Defendant's defenses. Specifically, Plaintiff will need discovery on the workers' compensation related records, including insurance files, and contracts and related documents between Friedman Recycling and El Paso Staffing concerning employee staffing and specifically workers' compensation obligations and costs, work related injuries to the extent they relate to whether workers' compensation coverage was in place, and written communications between defendants related to the matters raised in the complaint.

Maximum of __25__ interrogatories by each party to another party. (Responses due __30__ days after service).

Maximum of __25__ requests for admission by each party to another party. (Response due __30__ days after service).

Maximum of __25__ requests for production by each party to another party.

Maximum of __10__ depositions by Plaintiff(s) and __10__ by Defendant(s).

Each deposition (other than of the parties) limited to maximum of __4__ hours unless extended by agreement of parties. Depositions of parties limited to __7__ hours.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **February 25, 2019**. Defendant(s) by **March 25, 2019**.

Supplementation under Rule 26(e) due __within 30 days of the discovery of the need to supplement_ *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by April 19, 2019. (150 days from the date of the Rule 16 Scheduling Conference). Discovery on *(issue for early discovery)* to be completed by ___N/A_____.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions for partial summary judgment; motions in limine.

EPSS Defendants intend to file: Motion for summary judgment, motions in limine and other procedural motions as appropriate.

Friedman Recycling Defendant intend to file: Motions for summary judgment, motions in limine and other procedural motions as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **4 days** days/weeks.

____ This is a non-jury case.

 **X** This is a jury case.

The parties request a pretrial conference in 60 days before trial_____.

## SETTLEMENT

The possibility of settlement in this case is considered unknown. The parties request a settlement conference **After March 1, 2019**.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                        APPROVED WITH EXCEPTIONS
                            (note exceptions above)

_/s/ _Wayne Suggett_____
For Plaintiff Michael Thomas

*/s/ Agnes Fuentevilla Padilla*_____
For Defendant Friedman Recycling of Albuquerque

*/s/ Brian A. Thomas*_____
For Defendants El Paso Staffing and Maria Theresa Navarrete